# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAY DEE PFANNENSTIEL,

    Plaintiff,

vs.                                                                               CIV. NO. 06-475 WJ/ACT

RONALD CHAVEZ, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL
## WITH PREJUDICE AS SANCTION

THIS MATTER comes before the Court sua sponte. In June, 2006, Plaintiff, who is pro se, filed a complaint for damages in June 2006, based on an encounter with a New Mexico State Police Officer during a DWI roadblock. Plaintiff sought compensatory damages in the amount of $100,000 and $1 million in punitive damages. The gist of the complaint is that Plaintiff was unhappy with being stopped at the roadblock. Plaintiff informed the officer who was conducting the roadblock that the roadblock constituted harassment and that he was familiar with his constitutional rights. Plaintiff was eventually arrested on charges of disorderly conduct after having words with the officer. After bonding out of jail, Plaintiff had some difficulty taking possession of his car, which had been towed. He describes himself as a political prisoner whose civil rights have been violated.

According to the Court docket, this case was settled during a Rule 16 Settlement Conference before Magistrate Judge Alan C. Torgerson held on May 30, 2007. (Doc. 35). However, three months later, Defendants filed a motion asking the Court to enforce the settlement agreement. (Doc. 36). A hearing was held before the undersigned on January 9,

2008. Plaintiff failed to appear at the hearing. (Doc. 39). At the hearing, the Court advised Defendants that an Order to Show Cause would issue with a possible dismissal of the case if Plaintiff failed to respond to the Order. On January 10, 2008, the Court entered an Order to Show Cause why Plaintiff's case should not be dismissed with prejudice, giving Plaintiff an opportunity to respond within ten days of the Order. (Doc. 40). Plaintiff has not responded to the January 10th Order to Show Cause as of this date, and I find that dismissal with prejudice as well as sanctions are appropriate for the following reasons.

**Legal Standard**

Under Ehrenhaus v. Reynolds, the Court is required to consider a number of factors in determining the appropriate sanction. They include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions. These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. The court should ordinarily evaluate these factors on the record. See Bud Brooks Trucking v. Bill Hodges Trucking, 909 F.2d 1437, 1439 (10th Cir.1990).

**Analysis of Ehrenhaus Factors**

Plaintiff has exhibited an inability to diligently prosecute the case he filed. According to Defendant's representations (which is all the Court has to consider, given Plaintiff's failure to respond to Defendant's motion), after the parties agreed to settle the case, Plaintiff did not respond to Defendant's repeated attempts to sign the release agreement so that a check could be issued. (Doc. 36, Exs. B & C).

Plaintiff has failed to appear not only for the hearing on Defendant's motion to enforce the settlement agreement, but also failed to show up for a Rule 16 conference in March 2007 before Magistrate Judge Torgerson. Doc. 28. Judge Torgerson issued an Order to Show Cause as to why Plaintiff should not be sanctioned for his failure to appear. Plaintiff appeared at the hearing set on the Order to Show Cause, acknowledging that it was his mistake and that he had no excuses for his failure to appear. The Court did not impose sanctions at that time. However, Judge Torgerson advised Plaintiff that any further failure to comply with the Federal Rules of Civil Procedure or orders of this Court could result in sanctions, including the Court's recommendation to the presiding judge that Plaintiffs' case be dismissed with prejudice. Doc. 32. Plaintiff's conduct interferes with the judicial process. This Court is already overburdened by an enormous case load, driven in part by border-related cases. Plaintiff's failure to appear for scheduled Court matters and his failure to follow through with the litigation which he has initiated takes up an inordinate amount judicial resources, as well as the resources of the opposing party in struggling to reach a resolution to this case.

Under two previous Orders to Show Cause, Mr. Pfannenstiel has been given sufficient notice that noncompliant conduct would result in a dismissal of this case with prejudice (Docs. 32 & 40). Plaintiff's failure to respond to the Court's most recent Order to Show Cause demonstrates that Plaintiff has no intention of changing his course of conduct. Plaintiff is familiar enough with his obligation to obey court rules and orders not only because he has previously been warned of the consequences of failing to comply, but also because within the past ten years, he has filed two other lawsuits in this Court, and was the defendant in another.[1]

---

[1] Pfannenstiel v. Hall, 06cv00245 JAP-ACT (D.N.M.) was filed against Cibola County and its officials based on an incident between Plaintiff and a Cibola County sheriff's deputy who

Thus, I find that dismissal without prejudice is appropriate, as well as a sanction of $1,000.00 which represents the amount for which the parties had agreed to settle this case. It is clear to the Court that there was an enforceable agreement of settlement reached by the parties. According to the transcript of the settlement conference, Plaintiff agreed to release all claims against the Defendants for the sum of $1,000.00, and agreed not to discuss the terms of the settlement with anyone. (Doc. 36, Ex. A).

Dismissal of a party's lawsuit represents an extreme sanction and is appropriate only in cases of wilful misconduct. Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988). However, the Court is convinced that nothing less harsh than a dismissal and forfeiture of the settlement amount would be an effective sanction in this case. Plaintiff has exhibited a wilful disregard for this Court's Orders as well as opposing counsel's time and resources spent in defending this case and attempting to move it to a resolution.

**Conclusion**

I find that Plaintiff's failure to comply with the motions practice rules of this Court, failures to comply with Court-ordered appearances, and other conduct which has thwarted the resolution of this case to settlement – all justify the dismissal with prejudice of Plaintiff's action,

---

informed Plaintiff he could not approach a woman who was serving on a grand jury (as can best be discerned from the complaint). The case is pending. On January 29, 1998, the United States Government sought to assess payment of Plaintiff's back income taxes in U.S.A. v. Pfannenstiel, 98cv00117 BB/DJS (D.N.M.). Following a bench trial, Defendant was ordered to pay the United States $174,417.19 and interest. Pfannenstiel appealed the decision, which the Tenth Circuit affirmed (Doc. 149). In February 1998, Pfannenstiel filed a lawsuit under the Freedom of Information Act, 5 U.S.C. § 552, seeking the release of copies of documents relating to a consensual search of his property in February 1998, specifically the identity of agents involved in the search and information regarding informants upon which the defendants may have relied in deciding to search Plaintiff's property. Pfannenstiel v. FBI, et al., 98cv00386 BRB/DJS (D.N.M.). The matter, which was tried to the court without a jury, ended in defendant's favor.

as well as a sanction in the form of a forfeiture of the $1,000.00 settlement amount which Plaintiff appears to have rebuffed by his very conduct.

**THEREFORE,**

**IT IS ORDERED** that the above-captioned case will be DISMISSED WITH PREJUDICE and that Plaintiff will be SANCTIONED $1,000.00 in the form of the forfeiture of the settlement amount formerly reached by the parties in this case.

_____
UNITED STATES DISTRICT JUDGE